UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| JOSE A. URIAS § | |
| § | |
| V. § | Civil Action No. __7:21-cv-00181__ |
| § | |
| PHILLIP W. JONES and § | |
| HELMERICH & PAYNE, INC. § | |

## NOTICE OF REMOVAL OF AN ACTION FROM STATE COURT

Defendant Helmerich & Payne, Inc. ("H&P Inc." or "Defendant") files its Notice of Removal of an Action from State Court, hereby effecting the removal of the civil action pending in the 142nd Judicial District Court of Midland County, Texas, styled *Jose A. Urias v. Phillip W. Jones and Helmerich & Payne, Inc.,* Cause No. CV57950 to the United States District Court for the Western District of Texas, Midland Division, pursuant to 28 U.S.C. §§ 1332 and 1441. As grounds for this removal, Defendant states as follows:

### I.   Pleadings, Process, and Orders

1. On September 1, 2021, Plaintiff Jose A. Urias ("Plaintiff") filed suit against Defendants Helmerich & Payne, Inc. ("H&P Inc.") and Phillip W. Jones ("Jones") in the 142nd Judicial District of Midland County, Texas, Cause No. CV57950. A true and correct copy of the Original Petition filed in the State Court Action is attached hereto as **Exhibit B**.

2. H&P Inc. was served on September 16, 2021, by certified mail through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company. H&P Inc. has not appeared or answered in the State Court Action.

3. Based on the current docket sheet, Defendant Jones has not been served. Because he has not been served, consent is therefore not required from Unserved Defendant Jones. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action") (emphasis added); *Moody v. Commercial Ins. Co.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990) ("All defendants need not join in the petition for removal within the thirty day time period if: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed . . . .").

4. 28 U.S.C. § 1446(b) requires that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based … ."

5. Accordingly, this Notice of Removal is timely filed.

## II. Diversity of Citizenship Jurisdiction

6. This Court has original subject matter jurisdiction over this lawsuit based upon diversity of citizenship as set forth below.

7. By filing this Notice of Removal, Defendant does not make a general appearance in this Court or the State Court and does not consent to the personal jurisdiction of this Court or the State Court. *See Ariz. v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (superseded by statute on other grounds) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal."); *United States Brass Corp. v. AM. Gas Furnace Co.*, No. 3:01-CV-0414-H, 2001 U.S. Dist. LEXIS 13251, *3 (N.D. Tex. Aug. 29, 2001) ("As a general rule, a party does not waive any Fed. R. Civ. P. 12(b) defenses by removing an action

from state to federal court."). Defendant reserves all rights to raise any and all available defenses in this Court or in the State Court in the event of a remand.

8. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) in that this is a civil action between citizens of different states. Removal of this action is proper because there is complete diversity and among all properly-joined and served parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Jose A. Urias, the Plaintiff, is a citizen and resident of Texas. *See* Orig. Pet., p. 1.

10. Defendant H&P Inc. is a Delaware corporation with its principal place of business in Oklahoma.

11. Unserved Defendant Jones is a citizen and resident of Arkansas. *See* Orig. Pet., p. 1.

12. H&P Inc. and Jones are the only defendants to the lawsuit.

13. As such, complete diversity of citizenship exists between Plaintiff, a citizen of Texas, and Defendants, citizens of Delaware, Oklahoma, and Arkansas.

14. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. §1332. Plaintiff alleges explicitly on page 6 of Plaintiff's Original Petition that "the total damages sought by the Plaintiff are in excess of $250,000.00."

15. Accordingly, this United States District Court has original jurisdiction under 28 U.S.C. §1332, and the State Action is removable pursuant to 28 U.S.C. §1441(a) and (b).

### III. Venue

16. Because the State Court Action is pending in the 142nd Judicial District Court of Midland County, Texas, which lies within the United States District Court for the Western District of Texas, Midland Division, venue is proper in this Court pursuant to 28 U.S.C. § 1446(a).

### IV. Timeliness of Removal

17. 28 U.S.C. § 1446(b) requires that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based … ."

18. The thirty-day time period for removal commenced at the earliest on September 16, 2021, the date on which H&P Inc. was served.

19. Removal of this matter has therefore been timely effectuated within thirty (30) days after Defendants received Plaintiff's Original Petition "through service or otherwise." 28 U.S.C. § 1446(b); *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000) ("We read § 1446(b) and its 'through service or otherwise' as consciously reflecting the desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that he defendant have been served."). Therefore, this removal is timely under 28 U.S.C. § 1446(b).

### V. Procedural Requirements

20. This Notice of Removal is signed by counsel for Defendant pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

21. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Western District of Texas, written notice of such filing is being served upon Plaintiff's attorneys of record. In addition, a copy of the Notice of Removal will be filed with the 142nd Judicial District Court of Midland County, Texas, in which Cause No. 7628 is pending. As such, Defendant has met the notice requirements set out in 28 U.S.C. § 1446(d).

### VI.     Filing Fee and Attachments

22. Along with this Notice of Removal, Defendant has concurrently tendered the proper filing fee.

23. Pursuant to 28 U.S.C. § 1446(a), the following documents are attached hereto:

   A.   Docket sheet from State Court Action (attached as **Exhibit A**);

   B.   All pleadings and orders filed in the State Court Action:

      i.   Plaintiff's Original Petition (attached as **Exhibit B**);

   C.   All executed process in the case (attached as **Exhibit C**).

### PRAYER

WHEREFORE, Defendant removes this action from the 142nd Judicial District Court of Midland County, Texas, to the United States District Court for the Western District of Texas.

Dated: October 7, 2021                    Respectfully submitted,

By: */s/ Meghan E. Hausler*

    Margaret "Michelle" Hartmann
    Texas Bar No. 24032402
    michelle.hartmann@bakermckenzie.com
    Meghan E. Hausler
    Texas Bar No. 24074267
    meghan.hausler@bakermckenzie.com
    1900 North Pearl Street, Suite 1500
    Dallas 75201
    Tel: (214) 978-3421
    Fax: (214) 978-3099

**ATTORNEYS FOR DEFENDANT HELMERICH & PAYNE, INC.**

## CERTIFICATE OF SERVICE

In compliance with Rule 5 of the Federal Rules of Civil Procedure, I certify that on this the 7th day of October 2021, a true and correct copy of the above and foregoing document was served on all known counsel of record via electronic service:

Rahul Malhotra
rahul@KRWLawyers.com
Seth Tatom
Seth.Tatom@KRWLawyers.com
Arlette@KRWLawyers.com

KETTERMAN ROWLAND WESTLUND
16500 San Pedro Avenue, Suite 302
San Antonio, Texas 78232

                                          */s/ Meghan E. Hausler*
                                          Meghan E. Hausler